UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

GERMAN MARTINEZ,

           *Defendant.*

Protective Order

05 Cr. 732 (JGK)

     Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

     1. **Disclosure Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases. Certain of that material may include material that (i) affects the privacy and confidentiality interests of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Materials produced by the Government to the defendant or his counsel that are either (1) designated in whole or in part as "Disclosure Material" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Disclosure Material," shall be deemed "Disclosure Material."

     2. **Sensitive Disclosure Material.** Certain of the material the Government will produce, referred to herein as "Sensitive Disclosure Material," contains information that identifies, or could

lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. Materials produced by the Government to the defendant or his counsel that are either (1) designated in whole or in part as "Sensitive Material" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Sensitive Material," shall be deemed "Sensitive Material." The Government's designation of material as Sensitive Disclosure Material will be controlling absent contrary order of the Court.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media or any third party except as set forth below.

2. Disclosure Material that is not Sensitive Disclosure Material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action; and

(c) the Defendant.

3. Sensitive Disclosure Material shall be disclosed only as follows:

2

(a) Sensitive Disclosure Material shall be subject to the conditions applicable to Disclosure Material, except that Sensitive Disclosure Material may be shown to the defendant, but may not be maintained in the defendant's possession.

4. The Government may authorize, in writing, disclosure of material beyond that otherwise permitted by this Order without further Order of this Court.

5. This Order does not prevent the disclosure of any material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

6. Except for material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material and Sensitive Disclosure Material, including any seized ESI discoverable material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

7. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

8. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

3

### Retention of Jurisdiction

9. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: /s/ Kevin Mead                                   Date: November 14, 2021
Kevin Mead
Assistant United States Attorney

_____                        Date: 11-30-2021
Albert Yukhanan Dayan, Esq.
Counsel for German Martinez

SO ORDERED:

Dated: New York, New York
~~November ___, 2021~~
December 1, 2021

_____
THE HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

4